UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., <br><br> Plaintiff, <br><br> v. <br><br> MANWIN USA, INC., and MANWIN D.P. CORP. <br><br> Defendants. | CIVIL ACTION NO.  2:13-cv-00400-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS MANWIN USA, INC.'S AND MANWIN D.P. CORP.'S
MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

Defendants Manwin USA, Inc. and Manwin D.P. Corp. ("Defendants") hereby move to dismiss the patent infringement Complaint filed against it in this action by Plaintiff ExitExchange Corp. ("Plaintiff") pursuant to Rule 12(b)(6).  Plaintiff's threadbare allegations of induced and contributory infringement under 35 U.S.C. §§ 271(b) and (c) and willfulness are based on boilerplate legal conclusions with no supporting facts.  These allegations do not satisfy applicable pleading standards and should therefore be dismissed.  In addition, the entities sued by Plaintiff do not operate and are not responsible for the accused websites.

**BACKGROUND**

Plaintiff filed the Complaint in this action on May 10, 2013.  The Complaint fails to adequately allege that the Defendants directly infringe, infringe by inducement, contributorily infringe or willfully infringe U.S. Patent No. 7,353,229 ("the '229 Patent").  The '229 Patent allegedly "covers systems and methods for providing a type of Internet advertisement commonly

1

known as a pop-under advertisement." Document 1, Complaint at ¶ 9 [hereinafter Compl.]. The Complaint does not identify which of the twenty-two claims of the '229 Patent are allegedly infringed.

Following are the sum total "factual" allegations of infringement.

For direct infringement under 35 U.S.C. § 271(a), Plaintiff alleges that the Defendants infringes by "using the systems and methods claimed in the '229 Patent to make, use, sell, or offer to sell pop-under advertisements." Compl. ¶ 11.

For induced and contributory infringement, Plaintiff alleges that the Defendants "induce infringement or contribute to the infringement of the '229 Patent by website publishers, ad servers, ad networks, advertisers, and/or viewers of the advertisements, with knowledge that its [sic] acts are infringing. Defendants [sic] engages in such inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages publishers, ad servers, ad networks, advertisers, and/or viewers to directly infringe the '229 Patent." Compl. ¶ 12.

The Complaint does not include any other factual allegations regarding infringement, such as facts that would support Plaintiff's statements concerning Defendants' knowledge of the patent or intent to encourage third party infringement, or provide any other information regarding the allegedly infringing component that gives rise to the contributory infringement claim.

With respect to Defendants specific role in the alleged infringement, the Complaint merely alleges that "Defendants manage and control at least one of the following websites which will open in a web browser." Compl. at ¶ 10. There is no factual support or factual allegations to support Plaintiff's conclusory allegation that Defendants manage or control any of the listed websites.

6902384-v1

In 2010, Plaintiff filed a series of equally inadequate complaints concerning a different patent that also allegedly covered pop-under advertisements.  The Court considered Plaintiff's allegations in those cases, allegations that are very similar to those here, and determined that in that case the "Complaint is insufficient under the applicable law." *ExitExchange Corp. v. Casale Media Inc., et al.*, Case No. 2:10-cv-297-TJW, at 1 (Sept. 12, 2011) (Ward, J.).  A comparison of the previous complaints and the Complaint in this case shows that ExitExchange did little to rectify the inadequacies of its pleadings in this case despite the Court's prior determination.

## RULE 12(B)(6) STANDARD

The central issue on a motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F. 3d 413, 418 (5th Cir. 2008).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state an actionable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In addition, a court is not required to accept as true legal conclusions "couched as factual allegation[s]." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must allege "more than labels and conclusions").  Further, the factual allegations in a complaint must state a claim that is "plausible on its face" in order to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Clear With Computers LLC v. Berhdorf Goodman, Inc.*, Case No. 6:09-cv-481,  2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010).  Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**ARGUMENT**

A.  **Plaintiff's Indirect Infringement Claims Should Be Dismissed**

To state a claim for either induced or contributory infringement, a complaint must allege facts plausibly showing that the Defendants had "knowledge of the relevant patent" and knowledge that its actions are inducing or contributing to a third party's direct infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011). Indeed, "inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *DSU Medical Corp. v. JMS Co.*, 471 F. 3d 1293, 1306 (Fed. Cir. 2006).

Without such supporting factual allegations, claims for indirect infringement must be dismissed. *See Clear With Computers*, 2010 WL 3155888, at *4 (dismissing indirect infringement claim for lack of specificity); *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent et al.*, No. 1:11-CV-01175-RGA, Dkt. No. 50, at *2 (D. Del. July 18, 2012) ("It is true that the Plaintiff alleges actual knowledge and specific intent that others infringe, but there are only insufficient factual assertions to support the legal conclusion of actual knowledge, and no factual assertions at all to support the legal conclusion of specific intent."); *Eagle Harbor Holdings, LLC v. Ford Motor Co.*, C11-5503BHS, 2012 WL 398688, at *2 (W.D. Wash. Feb. 7, 2012) (dismissing indirect infringement claim as based on "mere labels and conclusions" without underlying facts showing "knowledge of the patents or a specific intent to induce infringement").

For example, in *Clear With Computers*, this Court dismissed the plaintiff's claim for indirect infringement where, "[t]aken as whole, [the plaintiff's] indirect infringement allegations – which fail to identify which claims are indirectly infringed, fail to identify which methods or systems directly infringe, and fail to identify a direct infringer in reference to its indirect

infringement claims – does not state a claim for indirect infringement that is plausible on its face." 2010 WL 3155888 at *4. As the Court went on to explain, "[t]he complaint simply fails to inform Defendants as to what they must defend." *Id.*; *accord i2 Tech. Inc. v. Oracle Corp., et al.*, 2010 WL 8669837 at * 3 (E.D. Tex. Mar. 29, 2010); *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent et al.*, No. 1:11-CV-01175-RGA, Dkt. No. 50, at *2 (D. Del. July 18, 2012) ("The connection between the moving Defendants and the patent applications from nearly a decade ago are not explained sufficiently to make plausible that either of the Defendants had actual knowledge….In any event, even if actual knowledge were deemed to be sufficiently alleged, there is no factual basis at all to conclude that the Defendants knew that the actions of others who obtained the [accused device] constituted infringement.").

The Supreme Court has explained that the practical significance of requiring more than threadbare allegations in a complaint is to provide judicial protection from the needless infliction of the massive costs of discovery on Defendants. A complaint must, therefore, allege something more than a "mere possibility" of harm, thereby preventing a plaintiff with a "largely groundless claim" from "'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 557-58, quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975). Court enforcement of pleading requirements through Federal Rule of Civil Procedure 12(b)(6) curtails this risk by weeding out complaints that fail to give rise to an even plausible inference of harm to the plaintiff.[1]

---

[1] To comply with their pre-filing obligations under FRCP 11, Plaintiff should have compiled more information than is required under FRCP 8. *See, e.g., Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302-04 (Fed. Cir. 2004) (Rule 11 requires a "good faith, informed comparison of the claims of a patent against the accused subject matter"). Thus, it would impose little or no burden for Plaintiff to include more factual information in the Complaint.

6902384-v1

Here, the Complaint does not allege sufficient facts to state plausible claims for induced or contributory infringement to adequately inform Defendants as to what it must defend. The claims are based on a formulaic recitation of elements without any supporting facts. Most notably, the Complaint does not include *any* facts regarding the Defendants' knowledge of the '229 Patent, knowledge of direct infringement by third parties, or specific intent to cause third party direct infringement. The Complaint's only statement regarding knowledge relates to Defendants' knowledge as of the filing of this Complaint. Such post-suit knowledge cannot be the basis for any inducement claim predating the Complaint. The Court cannot "bootstrap the knowledge Defendants[] now [has] based on Plaintiff's filing of the Complaint onto Defendants' acts before Plaintiff filed its complaint." *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC, 2012 WL 1835680 at *5 (C.D. Cal. May 16, 2012). As a result, the indirect infringement claims must be dismissed.

In addition, Plaintiff's contributory infringement claim fails on the separate and independent basis that it does not plausibly allege any facts showing that Defendants provided to third parties "a material or apparatus for use in practicing a patented process" as required to infringe under 35 U.S.C. § 271(c). *See also Clear With Computers*, 2010 WL 3155888, at *4 (noting the plaintiff's failure to "identify which methods or systems indirectly infringe" in dismissing induced infringement claim). There is absolutely no allegation in Plaintiff's Complaint to indicate what is the material or apparatus provided by Defendants leading to contributory infringement. *InMotion Imagery Techs. v. Brain Damage Films*, Cause No. 2:11-cv-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (dismissing similar allegations because "the Complaint does not identify the components used in the infringing method, nor

does it allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses").

B. **Plaintiff's Willful Infringement Claims Should Be Dismissed**

In addition, Plaintiff's Complaint fails to allege plausible ground for relief for willful infringement. Concerning willful infringement, Plaintiff's Complaint contains only the following conclusory allegation:

> Upon information and belief, at least since the time of service of this complaint, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '229 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

Compl. at ¶ 16. This allegation provides nothing more than "labels and conclusions" regarding willfulness, with no facts alleged in support, which "will not do." *Iqbal*, 129 S. Ct. 1949, quoting *Twombly*, 550 U.S. at 555.

The Federal Circuit has instructed that under ordinary circumstances, willfulness will largely depend on an infringer's pre-litigation conduct. *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc), *see also Realtime Data*, 2010 U.S. Dist. LEXIS 58049. Therefore, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Realtime Data*, 2010 U.S. Dist. LEXIS 58049, quoting *Seagate*, 497 F.3d at 1371; *see also InMotion Imagery Techs. v. Brain Damage Films*, Cause No. 2:11-cv-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012). In discussing the good faith basis for a willfulness claim, the Federal Circuit specifically requires that a patentee meet the requirements of FRCP 8(a) and 11(b) at the time the original complaint is filed. *Id.* Accordingly, if Plaintiff has a good faith factual basis for a claim of willfulness, it must allege it now in sufficient detail to notify Defendants of the claims against which it must defend.

To establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371.  In addition, once this threshold objective standard is satisfied, "the patentee must also demonstrate that this objectively-defined risk…was either known or so obvious that it should have been known to the accused infringer." *Id.*

Plaintiff's conclusory allegations regarding willfulness fail to allege any facts in support of its allegation that Defendants, "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371.  Plaintiff also failed to allege any facts in support of any allegation that such an, "objectively-defined risk…was either known or so obvious that it should have been known to the accused infringer[s]." *Id*.  Plaintiff thus has not alleged enough facts to state a claim for willful infringement, "that is plausible on its face." *Twombly*, 550 U.S. at 570.

C.     **Defendants Are Not Proper Parties to this Lawsuit**

Plaintiff's Complaint should be dismissed because it cannot allege a set of facts to support its claims against Defendants.  Defendants do not operate or manage the accused web sites.  Rather, the web sites are operated by two foreign entities that are not directly related to Defendants at all.  Defendants raised this issue to Plaintiff prior to filing this motion, identified the correct defendants, and those companies agreed to waive service of the amended complaint substituting them as defendants.  Defendants understand that to date Plaintiff has refused this offer, but Plaintiff has not stated a factual basis for suing Defendants in this action.  .

Plaintiff has not alleged any facts that support an inference that it is entitled to relief against the named Defendants.  In fact, Defendants are unaware of any set of facts that would entitle Plaintiff to relief against them.  A motion to dismiss pursuant to Rule 12(b)(6) is thus appropriate under these circumstances because it tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*

*sub nom Cloud v. United States*, 536 U.S. 960 (2002).  *Twombly's* plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, in cases where a plaintiff sues a party without a real interest in the case, the court should dismiss the complaint.  *Cf. Galvan v. Bonner*, No. B-04-104, 2005 WL 1774102, at *2 (S.D. Tex. July 25, 2005) ("In this case, Plaintiff intended to sue, and actually served, an incorrect defendant that could not be held liable for the alleged actions.")

## CONCLUSION

Based on the foregoing and pursuant to Rule 12(b)(6), Defendants respectfully request that the Court dismiss Plaintiff's claims against Defendants and specifically its claims for induced infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c), and claims alleging willful patent infringement.  At a minimum, Plaintiff should be required to provide a more definite statement of its claims under Rule 12(e) so that Defendants is informed as to what it must defend and the basis for naming them as Defendants in this lawsuit.

| Dated: July 5, 2013 | Respectfully submitted,<br><br>By: */s/ Andrew Stinson*<br><br>Frank M. Gasparo (Admitted Pro Hac Vice)<br>Venable LLP<br>1270 Avenue of the Americas<br>Twenty-Fourth Floor<br>New York, New York 10020<br>Telephone: (212) 307-5500<br>Facsimile: (212) 307-5598<br>fmgasparo@venable.com<br><br>Andrew Stinson<br>State Bar No. 24028013<br>RAMEY & FLOCK PC<br>100 East Ferguson, Suite 500<br>Tyler, Texas 75702<br>Telephone (903) 597-3301<br>astinston@rameyflock.com<br><br>ATTORNEYS FOR DEFENDANTS |
|---|---|

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 5, 2013 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Andrew Stinson*
Andrew Stinson