UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., | |
|      Plaintiff, | CIVIL ACTION NO.  2:13-cv-00400-JRG |
| v. | **JURY TRIAL DEMANDED** |
| MANWIN USA, INC., and MANWIN D.P. CORP. | |
|      Defendants. | |

**DEFENDANTS MANWIN USA, INC.'S AND MANWIN D.P. CORP.'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant Manwin USA, Inc. and Manwin D.P. Corp. (collectively "Defendants")

hereby reply in support of its motion to dismiss in part the patent infringement Complaint filed

against it in this action by Plaintiff ExitExchange Corp. ("Plaintiff") pursuant to Rule 12(b)(6).

Plaintiff's Opposition to Defendants' motion falls far short of establishing that it has

properly pled claims of indirect patent infringement (both induced infringement and contributory

infringement) and willful patent infringement.  Plaintiff's Opposition not only misstates Supreme

Court precedent, but it fails to cite a single fact in the Complaint that makes its indirect

infringement allegations or willful patent infringement allegation plausible.

Plaintiff also improperly relies on its compliance with Federal Rule of Civil Procedure

Form 18 for meeting its pleading burden.  Opposition at 2.  Plaintiff ignores the fact that Form 18

does not apply to indirect patent infringement and willful infringement allegations.  Indeed,

Form 18 is "strictly construed as measuring only the sufficiency of allegations of direct

infringement, and **not indirect infringement**."  *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (emphasis added). Form 18, therefore, is irrelevant as Defendants' motion is directed to Plaintiff's indirect and willfulness allegations, not direct infringement.

## ARGUMENT

### A.     Plaintiff's Indirect Infringement Claims Should Be Dismissed

Plaintiff contends that "[a] complaint is merely required to articulate ***allegations*** sufficient to show that the complainant is plausibly entitled to relief."  Opposition at 1 (emphasis added).  In fact, the Supreme Court, and subsequently courts around the country, have held that a plaintiff must allege "***facts*** to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55-56, 570 (2007) (emphasis added) (quoted in Plaintiff's Opposition at page 2).   Here, Plaintiff has failed to meet its burden to plead any facts in support of its indirect infringement or willful infringement allegations.  Plaintiff's Opposition likewise fails to point to any facts that support its allegations.

Specifically, Plaintiff fails to cite a single fact to support an allegation that Defendant had the required knowledge or intent for indirect infringement.  Plaintiff's Opposition points to two generic ***allegations*** about knowledge and intent, see Opposition at page 5, but no facts that would support these allegations.  Plaintiff's formulaic recitation of elements without any facts is insufficient to support its indirect infringement claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff's hollow allegations are also insufficient to support indirect infringement for post-litigation conduct, unless it specifically limits its allegations to such post-litigation conduct.

*See, e.g., Ameranth, Inc. v. Hilton Resorts Corp.*, Case No. 11-CV-1810 JLS (NLS), slip op. at 15 (S.D. Cal. July 18, 2013) (addressing indirect infringement allegations).  Otherwise, Defendant could be held liable for acts of alleged induced infringement prior to having any knowledge of the patent.  This rationale is in line with general pleading standards because a plaintiff must have a good faith basis to make claims when it files a complaint.  *See e.g., In re Seagate Tech. LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement").  Accordingly, a plaintiff asserting indirect infringement pre-litigation must have a good faith basis to believe that the accused defendant had the required knowledge and intent for indirect infringement.  Here, Plaintiff has not come forward with any basis for a pre-litigation indirect infringement allegation or stated that it intends to restrict its indirect infringement allegation to only post-litigation conduct.

In addition, Plaintiff completely ignores in its Opposition Defendants' argument regarding contributory infringement.  Plaintiff does not and cannot point to a single fact that would support such an allegation.  Indeed, there is absolutely no allegation in Plaintiff's Complaint asserting the material or apparatus provided by Defendants that would plausibly lead to contributory infringement.  Plaintiff's contributory infringement claim, accordingly, must also be dismissed.

B.      **Plaintiff's Willful Infringement Claim Should Be Dismissed**

Similarly, Plaintiff's willful infringement allegation is improper.  In order to make a claim for willful patent infringement a plaintiff must allege pre-litigation knowledge of the patent.  *In re Seagate Tech. LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007).  While Plaintiff admits that it must allege facts to support its willful infringement claim, it has not and cannot point to a

single fact from which one could infer that Defendants knew about the patent prior to being served with the Complaint.  Tellingly, Plaintiff's argument does not refer to any allegations in the Complaint for support.  *See* Opposition at 6-7.  Thus, it appears that Plaintiff is not relying on facts, but instead on the formulaic allegation quoted in Defendants' motion (see Motion at pages 6-7) that has been squarely rejected by courts time and time again.  *See e.g., InMotion Imagery Tech. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) ("Complaint does not allege any particular facts that would demonstrate InMotion's good faith basis for alleging willful infringement"); *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) ("bare assertion that Symantec's infringement was willful is not sufficient to plead a plausible claim for relief").  Without any factual support for the allegation, Plaintiff's willful infringement claim must be dismissed.

**C.**     **Defendants Are Not Proper Parties to this Lawsuit**

Plaintiff brings its claims against Manwin USA, Inc. and Manwin D.P. Corp.  Neither of these companies operates the accused website or uses the accused pop-under technology. Rather, the web sites are operated by two foreign entities, GS Wise Limited and DCI Daily Capital Investment Limited, that are not directly related to Defendants.  These foreign entities, however, are willing to waive service of an amended Complaint replacing the named defendants with the foreign entities.  Nevertheless, Plaintiff refuses to agree to amend its Complaint and name the proper parties.

Instead, Plaintiff contends that the two named Manwin entities must be the correct parties in interest because in unrelated litigation they are listed as affiliates and licensees of Manwin

Licensing International S.a.r.l.[1]  The litigation referred to by Plaintiff concerns trademark infringement, no the management or operation of the accused websites.  There is no allegation in the unrelated litigation that the Defendants operate the two accused websites[2] or are responsible for using the accused pop-under technology.  Rather, the foreign companies operate the accused websites, which allegedly use the accused pop-under technology.  *See* Declaration of Antoine Gignac at ¶ 3.  Defendants do not dispute that Manwin Licensing International S.a.r.l. is the owner of all trademarks and domain names, and was the proper party in the unrelated litigation cited by Plaintiff, but it simply grants operating companies such as those at issue here with the right to use the trademarks and domain names.

Plaintiff's Opposition also seeks limited discovery for purposes of identifying the proper parties in interest.  Opposition at 9.  There is no need for such discovery since Defendants have already identified the proper parties to Plaintiff and those parties have agreed to waive service.

## CONCLUSION

Based on the foregoing and pursuant to Rule 12(b)(6), Defendants respectfully request that the Court dismiss Plaintiff's claims against Defendants and specifically the claims for induced infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c), and willful patent infringement.

---

[1] Manwin Licensing International S.a.r.l. is not a party to this litigation.  It was named as the plaintiff in other litigation because it is the owner of many trademarks and domain names that it licenses out to certain subsidiaries.  Its indirect subsidiaries include GS Wise Limited and DCI Capital Investments.  *See* Gignac Decl. at ¶ 3.  Its indirect subsidiaries also include the named Defendants.  This is the only link between GS Wise Limited and DCI Capital Investments on the one hand and the named Defendants on the other hand.

[2] There is a third accused website that is not owned or operated by any Manwin entity.  *See* Gignac Decl. at ¶ 3.

Dated: August 5, 2013                    Respectfully submitted,


                                         By:  */s/ Andrew Stinson*

                                         Frank M. Gasparo (Admitted Pro Hac Vice)
                                         Venable LLP
                                         1270 Avenue of the Americas
                                         Twenty-Fourth Floor
                                         New York, New York 10020
                                         Telephone:  (212) 307-5500
                                         Facsimile:  (212) 307-5598
                                         fmgasparo@venable.com

                                         Andrew Stinson
                                         State Bar No. 24028013
                                         RAMEY & FLOCK PC
                                         100 East Ferguson, Suite 500
                                         Tyler, Texas 75702
                                         Telephone (903) 597-3301
                                         astinston@rameyflock.com

                                         ATTORNEYS FOR DEFENDANTS MANWIN
                                         USA, INC. and MANWIN D.P. CORP.


### CERTIFICATE OF SERVICE

The undersigned certifies that on August 5, 2013 a true and correct copy of the foregoing

document was served on all attorneys of record who have consented to electronic service via the

Court's CM/ECF system per Local Rule CV-5(a)(3).


                                         */s/ Andrew Stinson*
                                         Andrew Stinson